UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZADE JENKINS,<br><br>    Plaintiff<br><br>                    v.<br><br>CITY OF EASTHAMPTION,<br>EASTHAMPTON PUBLIC SCHOOLS,<br>KEVIN BURKE, RICK J. ROGALSKI,<br>NANCY FOLLANSBEE and ROBERT J. ALBERTI<br><br>    Defendants. | Case No:  3:19-CV-30116-MGM |

**PLAINTIFF ZADE JENKINS'S RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26(a), Plaintiff Zade Jenkins hereby makes the following required disclosures:

1. **The name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

    a. Zade Jenkins: acts of racism and bias-related incidents at Easthampton High School ("EHS") from 2015 to 2018; the March 29, 2017 schoolyard altercation involving Plaintiff and other EHS students; the discipline, arrest and prosecution of Plaintiff; continued acts of racism, hostility, and discrimination in the 2017-2018 school year, the emotional distress experienced by Plaintiff due to Defendants' actions. Plaintiff may be contacted through his undersigned Counsel's office.

    b. Kevin Burke: acts of racism and bias-related incidents at EHS from 2015 to 2017; the administration of student discipline at EHS from 2015 to 2018; the March 29, 2017 schoolyard altercation involving Plaintiff and other EHS students; the discipline,

arrest and prosecution of Plaintiff; the appointment of Rick Rogalski as temporary and then permanent School Resource Officer at EHS; Mr. Burke's resignation from his position as EHS principal.

c. Rick J. Rogalski: the March 29, 2017 schoolyard altercation involving Plaintiff and other EHS students; the discipline, arrest and prosecution of Plaintiff; the appointment of Officer Rogalski as temporary and then permanent School Resource Officer at EHS.

d. Nancy Follansbee: acts of racism and bias-related incidents at EHS from 2015 to 2017; the administration of student discipline at EHS from 2015 to 2017; the March 29, 2017 schoolyard altercation involving Plaintiff and other EHS students; the discipline, arrest and prosecution of Plaintiff; the appointment of Rick Rogalski as temporary and then permanent School Resource Officer at EHS; guidelines, practices, and procedures for a School Resource Officer working in the Easthampton Public Schools; Mr. Burke's resignation from his position as EHS principal.

e. Robert J. Alberti: the March 29, 2017 schoolyard altercation involving Plaintiff and other EHS students; the arrest and prosecution of Plaintiff; the appointment of Rick Rogalski as temporary and then permanent School Resource Officer at EHS; guidelines, practices, and procedures for a School Resource Officer working in the Easthampton Public Schools.

f. Alan Schadel: the arrest and prosecution of Plaintiff for the March 29, 2017 schoolyard altercation involving Plaintiff and Officer Schadel's son; communications with the Northwest District Attorney's Office related to the prosecution of Plaintiff; the inherent conflict of interest in Officer Schadel working as the School Resource

      Officer in a school system in which his son was a student; the retaliatory acts of racist postings on Instagram in Spring 2017 directed at the EHS community.

  g. Former Northwestern Assistant District Attorney Yvonne Pesce: the prosecution of Plaintiff for the March 29, 2017 schoolyard altercation involving Plaintiff and other EHS students.

  h. Members of the Northwestern District Attorney's Office involved in the charging, arraignment, and other aspects of the prosecution of Plaintiff.

  i. Attorney Jennifer L. Levi: discrimination within the City of Easthampton and the Easthampton Public Schools. Her business address is GLAD Legal Advocates & Defenders, 18 Tremont, Suite 950, Boston, MA 02108; jlevi@glad.org.

  j. Superintendent Allison LeClair: The continuing investigation of the OAG related to racial discrimination in Easthampton Public Schools; the supervision and resignation of Principal Kevin Burke.

  k. Mayor Nicole LaChapelle: The continuing investigation of the OAG related to racial discrimination in Easthampton Public Schools; the resignation of Principal Kevin Burke.

  l. Mindy Jenkins: communications with various Defendants regarding racial discrimination on her son Zade's education; the impact of that discrimination on Zade.

Plaintiff reserves the right to supplement this information at any time before trial.

2. **A copy--or description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

    a. Office of the Attorney General's Report and Memorandum of Agreement

       dated August 25, 2017.
  b. Emails and other communications from Mindy Jenkins to various Defendants regarding the Plaintiff's education, arrest and prosecution, and continued acts of discrimination and hostility at EHS.

All documents are in Plaintiff's possession and will be made available for review upon request. Plaintiff reserves the right to supplement this information at any time before trial.

3. **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

    Plaintiff has suffered a deprivation of rights and emotional distress as a result of Defendants' joint and several acts of racial discrimination and other violations of law as described in his First Amended Complaint. Plaintiff is entitled to damages for each deprivation and injury in amounts to be determined at trial. Any documents relevant to these damages will be disclosed and made available for examination in full compliance with the Federal Rules of Civil Procedures.

4. **For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

    Not applicable.

Dated:  May 1, 2020

                                                      Respectfully submitted,

                                                      ZADE JENKINS, Defendant
                                                      By His Counsel,

                                                      /s/ Peter T. Lane
                                                      Peter T. Lane, BBO #673748
                                                      Fierst Bloomberg Ohm LLP
                                                      64 Gothic Street, Suite 4
                                                      Northampton, MA 01060
                                                      413-584-8067
                                                      lane@fierstbloomberg.com

CERTIFICATE OF SERVICE

I hereby certify that Plaintiff Zade Jenkin's Rule 26(a)(1) Initial Disclosures filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF):

    Nancy Frankel Pelletier, Esq.
    David S. Lawless, Esq.
    Robinson Donovan, P.C.
    1500 Main Street, Suite 1600
    Springfield, MA 01115

Dated:  May 1, 2020                                       /s/ Peter T. Lane
                                                                             Peter T. Lane, Esquire